Receipt 067248

ORIGINAL

FILED
OCT 16 2007
U.S. COURT OF FEDERAL CLAIMS

James S. Lochhead
Michael A. Gheleta
Mark J. Mathews
BROWNSTEIN HYATT FARBER SCHRECK, P.C.
410 Seventeenth Street, Suite 2200
Denver, CO 80202
(303) 223-1100 – Telephone
(303) 223-1111 – Facsimile

James C. Tucker, ISB No. 2038
Senior Attorney
IDAHO POWER COMPANY
1221 West Idaho Street
Boise, ID 83702-5627
(208) 388-2112 – Telephone
(208) 388-6935 – Facsimile

*Attorneys for Plaintiff Idaho Power Company*

07-730 C

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

Civil Action No. ______________

IDAHO POWER COMPANY,

Plaintiff,

v.

THE UNITED STATES OF AMERICA; U.S. DEPARTMENT OF THE INTERIOR; BUREAU OF RECLAMATION,

Defendants.

---

**COMPLAINT**

---

Plaintiff Idaho Power Company ("Idaho Power" or "the Company"), an Idaho corporation, by and through undersigned counsel, hereby files this Complaint as follows:

## STATEMENT OF THE CASE

1. This is a civil action against the United States, the U.S. Department of the Interior, and the Bureau of Reclamation (collectively "Defendants"), seeking damages for breach of contract and breach of trust, based on Defendants' failure to fulfill the terms of the Contract of June 15, 1923 between Idaho Power and the United States ("1923 Contract"), and Defendants' failure to fulfill their fiduciary duty as trustee of the Idaho Power water rights related to that Contract.

2. Under the 1923 Contract, the United States committed to release water from American Falls Reservoir, a federal reclamation facility located on the Snake River in Idaho, at specified flow rates during specified time periods in the winter to enable Idaho Power to generate electricity at its downstream hydropower facilities. Defendants have failed to provide the contractually required releases from American Falls Reservoir in recent years, including the 2007-08 contract year which just commenced on October 1, 2007. Accordingly, Idaho Power brings this action to recover from Defendants the damages it has suffered as a result of lost hydropower generation attributable to Defendants' failure to release water from American Falls Reservoir as provided under the 1923 Contract.

## JURISDICTION

3. This Court has jurisdiction over this action pursuant to the Tucker Act because the claims asserted herein are "founded . . . upon [an] express contract with the United States." 28 U.S.C. § 1491.

4. Defendants have waived sovereign immunity under the Tucker Act, 28 U.S.C. § 1491, for claims brought against them in this Court.

5. Defendants have further consented to this action pursuant to Article 32 of the 1923 Contract, which provides, with respect to the storage capacity rights in American Falls Reservoir which are the subject of this action, that "if . . . the company shall be refused or denied the right to and use of said capacity or any thereof, the Company shall be entitled to recover the damages which it may suffer, and to such other relief as a court of competent jurisdiction may adjudge the Company entitled to under the terms of this agreement and the situation of the parties."

**PARTIES**

6. Idaho Power is an Idaho corporation with its principal place of business in Idaho.

7. Defendant United States is a sovereign nation, acting for itself, and by and through the Department of the Interior and the Bureau of Reclamation.

8. Defendant Department of the Interior is a Department of the United States government.

9. Defendant Bureau of Reclamation ("BOR") is a bureau within the Department of the Interior.

**BACKGROUND**

**Idaho Power's Rights and Defendants' Obligations under 1923 Contract**

10. The United States constructed American Falls Dam and Reservoir in 1927. In order to construct this facility, it was necessary for the United States to make provision for property and senior priority water rights owned by Idaho Power for use at the project site. Accordingly, the United States and Idaho Power entered into the 1923 Contract on June 15, 1923.

11. At the outset, the 1923 Contract recited the United States' purpose and plan to construct a large reservoir at American Falls, and to store the flood water and winter flow of the

Snake River for irrigation use. 1923 Contract, Art. 2. The Contract recognized, however, that this winter flow storage at American Falls would interfere with "certain power and other rights of the Company at American Falls and points below." Id., Art. 4.

12. In order to facilitate the development of the American Falls reservoir site by the United States and also meet the objectives of Idaho Power with regard to hydropower generation, the 1923 Contract provided for Idaho Power's transfer of power plant facilities and land to the United States, together with Idaho Power's reservation of water rights under its filings with the State, and the United States' granting to Idaho Power of specified storage capacity in American Falls Reservoir for Idaho Power's utilization of these "reserved" water rights.

13. The 1923 Contract acknowledged Idaho Power's reserved water rights and associated filings in a number of provisions. The 1923 Contract recognized the rights of Idaho Power as independent water rights and not only contract rights. In other words, the rights were recognized and protected both through state law relating to the appropriation and establishment of water rights and through the contract with the United States.

14. Article 19 of the 1923 Contract, entitled "Company's Reserved Water Right of 300,000 Acre-Feet," expressly recognized the water right reserved by Idaho Power under the Contract:

> It is agreed that in addition to the primary right reserved in Paragraph 10, the company reserves and shall have the right (for power development at American Falls and to such extent as provided in Paragraph 21 hereof for power development at points below Milner) to 300,000 acre-feet of water flowing into the reservoir after October 1st of any year which shall be the first 300,000 acre-feet flowing into the reservoir after October 1st and actually storable therein . . . .

The paragraph goes on to grant an exception for the United States' use of water to supply up to 10,000 kilowatts of power to meet power demands of the Minidoka Project, and the United

States' right to use for irrigation purposes the water stored for generation of "said winter power of not exceeding 10,000 kilowatts."

15. The 1923 Contract also provided Idaho Power with storage capacity in American Falls Reservoir for the purpose of regulating and controlling the 300,000 acre-feet of water that was reserved to Idaho Power in the Contract. Specifically, the Contract granted Idaho Power the right to releases of water from American Falls Reservoir for use downstream at Idaho Power facilities below Milner Dam.

16. In conjunction with the 300,000 acre-foot water right reserved to Idaho Power under Article 19, the 1923 Contract provided Idaho Power with both "primary storage capacity" and "secondary storage capacity." With respect to primary storage capacity, Article 16 of the 1923 Contract provides:

> In part consideration for the rights and property to be conveyed to the United States by the Company, and as a part of the cost of the proposed development at American Falls the United States grants to the company and the company shall be entitled to the perpetual use of 45,000 acre-feet of storage capacity in the reservoir to be constructed by the United States, such capacity to be for storing the water reserved to the company, and the water referred to in the last sentence of Paragraph 10 [i.e., water the Company may bring to American Falls from outside the watershed or from storage above American Falls], the company's right to such storage capacity to be on an equal basis in all respects, except as otherwise provided herein, with other primary storage capacity rights in the reservoir, as defined in the contracts between the United States and the Irrigation Companies and Districts cooperating with the United States in the construction of said reservoir, a form of which contract is attached hereto and marked Exhibit "C."

17. Article 18 of the 1923 Contract, entitled "Company's Secondary Storage Capacity," provides:

> Between October 1st of any year and June 10th of the following year, the company shall have and is hereby granted for the purpose of regulating and controlling the water reserved to the company under Paragraph 19 hereof, and the water which may be acquired under the last sentence of Paragraph 10, a secondary right to use not to exceed 255,000 acre-feet of storage capacity in the reservoir when such capacity is not then required and not being used by the owners of the irrigation

> rights to the use of such capacity, but shall have no further right to use any part of said 255,000 acre-feet of capacity or any water stored therein after the reservoir is first filled each season, and the company shall in any event release on April 1st of each year all right and claim to such capacity and water stored therein, except 60,000 acre-feet, and shall release all right and claim to the remainder, if any, on June 10th of each year.

18. Articles 20 and 21 of the 1923 Contract further describe the primary and secondary storage capacity provided to Idaho Power and its relation to the water rights reserved by Idaho Power under the Contract. Article 20 provides that "[t]he water required to fill the 45,000 acre-feet of primary storage capacity allowed the company under Paragraph 16 hereof shall be a part of the 300,000 acre-feet of water reserved to the company under Paragraph 19 hereof . . . ."

19. Article 21 of the 1923 Contract confers rights upon Idaho Power relating the secondary storage capacity in American Falls to water needed for beneficial power use at Company power plants downstream and maximum flow rates for such use. This Article, entitled "Company's Rights below Milner Dam," provides in part:

> The company's right to demand the turning out of water from the reservoir for releases by and use below Milner Dam shall be limited to the 45,000 acre-feet of primary storage rights, the water referred to in the last sentence of Paragraph 10, and to such portion of the 255,000 acre-feet mentioned in Paragraph 18 as is needed for beneficial use for power development at Shoshone Falls or Twin Falls but not exceeding the amount that may be necessary to make the total flow at the head of Shoshone Falls:

| | | | |
|---|---|---|---|
| 790 second-feet | | October 1st to November 30th, | incl. |
| 890 " | " | December 1st to January 31st, | " |
| 790 " | " | February 1st to February 12th, | " |
| 690 " | " | February 13th to April 15th, | " |
| 790 " | " | April 16th to June 10th, | " |

> exclusive of any part of the company's said 45,000 acre-feet of primary storage and the water referred to in the last sentence of Paragraph 10.

20. Article 22 provides that should Idaho Power construct a power plant at Twin Falls, then the flow to be maintained below Milner Dam shall be measured at Twin Falls instead of Shoshone Falls and the flow rates above reduced by 100 cfs for each period. Since Idaho Power did construct a power plant at Twin Falls, flows under the 1923 Contract accordingly are measured at Twin Falls and reduced 100 cfs, making the applicable contract flows as follows:

| | |
|---|---|
| 690 second-feet | October 1st to November 30th, incl. |
| 790 " " | December 1st to January 31st, " |
| 690 " " | February 1st to February 12th, " |
| 590 " " | February 13th to April 15th, " |
| 690 " " | April 16th to June 10th, " |

21. In 1927, the United States completed construction of American Falls Reservoir as contemplated in the 1923 Contract. The 1923 Contract remains in effect, and Idaho Power's water rights for storage have been placed to beneficial use by Idaho Power for power purposes at Idaho Power's facilities at American Falls and downstream from Milner.

**Defendants' Failure to Provide Flows Mandated by 1923 Contract**

22. Pursuant to the 1923 Contract, Defendants have a contractual duty to Idaho Power to provide flows of water from the 255,000 acre-feet of secondary storage capacity in American Falls Reservoir at the rates of flow specified in the Contract in order to enable Idaho Power to put such water to beneficial use at its downstream power facilities. This contractual duty is an annual contractual obligation between October 1 of each year through June 10 of the following year ("contract year").

23. Defendants further have a fiduciary duty as trustee to Idaho Power to provide water pursuant to the 1923 Contract, on the basis that BOR holds the subject water rights in trust. Idaho Power maintains that it owns a 300,000 acre-foot water right at American Falls. BOR, however, has filed a competing water right claim concerning water in American Falls Reservoir in the Snake River Basin Adjudication ("SRBA") proceedings in Idaho state district court. The

SRBA court's resolution of the issue of who owns the 300,000 acre-foot water right will not affect the issues in this case. Whether Idaho Power owns the water right, or BOR holds the water right in trust for Idaho Power, Defendants have a duty to provide water to Idaho Power pursuant to the terms of the 1923 Contract.

24. On October 18, 2001, Idaho Power Senior Attorney James C. Tucker sent a letter to BOR Regional Director J. William McDonald, demanding that BOR release from or pass through American Falls Reservoir sufficient water to maintain flows at the rates of flow provided for under the 1923 Contract. Upon information and belief, BOR thereafter determined that it would not make the releases demanded by Idaho Power pursuant to this letter under the 1923 Contract.

25. During each contract year since 2001, BOR has failed to fulfill its annual contractual obligation to release water from Idaho Power's secondary storage capacity in American Falls Reservoir at the flow rates provided for under the 1923 Contract, despite Idaho Power's continuing demand that BOR do so.

26. Most recently, during the 2007-08 contract year commencing on October 1, 2007, BOR's releases of water American Falls Reservoir continue to be at flow rates less than those provided for under the 1923 Contract.

27. On October 11, 2007, Idaho Power Senior Attorney James C. Tucker sent a letter to BOR reiterating Idaho Power's demand that BOR release from or pass through American Falls Reservoir sufficient water to maintain flows at the rates of flow provided for under the 1923 Contract. BOR has given no indication that it will make the releases demanded by Idaho Power under the 1923 Contract in 2007. Accordingly, Idaho Power has found it necessary to commence this litigation.

**FIRST CLAIM FOR RELIEF**
**(Breach of Contract)**

28. Idaho Power incorporates by reference and realleges the allegations of Paragraphs 1 through 27 of this Complaint.

29. Defendants have an annual contractual obligation to provide, between October 1 and June 10 of each contract year, flows of water from Idaho Power's secondary storage capacity in American Falls Reservoir at the rates of flow specified in the 1923 Contract so that Idaho Power may put such water to beneficial use at its downstream hydropower facilities.

30. Defendants have not been and are not releasing water from the secondary storage capacity of American Falls Reservoir designated for Idaho Power under the 1923 Contract during each contract year at the flow rates provided for under the Contract, despite Idaho Power's continuing demands that BOR make such releases.

31. In each contract year in which BOR has failed to release water from Idaho Power's secondary storage capacity in American Falls Reservoir at the flow rates provided for under the 1923 Contract, Idaho Power's ability to generate electricity at downstream hydropower facilities has been reduced accordingly. Idaho Power has suffered damages from BOR's failure to meet its contractual duties in each contract year under the 1923 Contract, including but not limited to lost revenue from such foregone hydropower generation.

32. Accordingly, BOR has breached, and continues to breach its annual contractual obligations to Idaho Power under the 1923 Contract, and Idaho Power is entitled to damages for such breach.

**SECOND CLAIM FOR RELIEF**
**(Breach of Trust)**

33. Idaho Power incorporates by reference and realleges the allegations of Paragraphs 1 through 32 of this Complaint.

34. A trust relationship exists between the United States and Idaho Power under the 1923 Contract, with the United States as trustee and Idaho Power as beneficiary of the trust.

35. By failing to release water from Idaho Power's secondary storage capacity in American Falls Reservoir at the flow rates provided for under the 1923 Contract, thereby preventing Idaho Power from using it to generate electricity at its downstream power facilities, BOR has repudiated the trust and breached its obligations as trustee in each contract year the required flows have not been provided.

36. Idaho Power has put to beneficial use at its hydropower facilities downstream of American Falls Reservoir the water encompassed by the trust relationship between the United States and Idaho Power, at those times when such water has been made available by BOR under the 1923 Contract.

37. Idaho Power has suffered damages from BOR's breach of trust in each contract year the required flows have not been provided under the 1923 Contract, including but not limited to lost revenue from such foregone hydropower generation.

38. Accordingly, BOR has breached, and continues to breach the trust and its obligations as trustee under the 1923 Contract, entitling Idaho Power to damages for such breach of trust.

WHEREFORE, Plaintiff Idaho Power prays that this Court:

A. Enter judgment in favor of Plaintiff and against Defendants with respect to Plaintiff's claims;

B. Order Defendants to pay damages, including interest, in an amount to be proven at trial;

C. Award Plaintiff its costs and expenses incurred in litigating these claims, including attorneys fees; and

D. Award such other and further relief as this Court deems just and equitable.

Dated this 15th day of October 2007.

Respectfully submitted,

James C. Tucker
Senior Attorney
IDAHO POWER COMPANY
1221 West Idaho Street
Boise, ID 83702-5627

Mark J. Mathews

James S. Lochhead, Esq.
Michael A. Gheleta, Esq.
Mark J. Mathews, Esq.
BROWNSTEIN HYATT FARBER
SCHRECK, P.C.
410 Seventeenth Street, Suite 2200
Denver, CO 80202

*Attorneys for Plaintiff Idaho Power Company*

Plaintiff's Address:

Idaho Power Company
P.O. Box 70
Boise, Idaho 83707