IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| IDAHO POWER COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | No. 07-730 |
| | ) | (Judge Lettow) |
| v. | ) | |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S ANSWER

For its answer to the complaint, defendant admits, denies, and alleges as follows:

1. The allegations contained in paragraph 1 of the complaint constitute plaintiff's conclusions of law and characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

2. Defendant admits the allegations contained in the first sentence of paragraph 2 of the complaint to the extent they are supported by the contract cited which is the best evidence of its contents, otherwise denies the allegations contained in paragraph 2 of the complaint. The remainder of the allegations in paragraph 2 of the complaint constitute plaintiff's conclusions of law and characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

3. The allegations contained in paragraph 3 of the complaint constitute plaintiff's characterization of its case and conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

4. The allegations contained in paragraph 4 of the complaint constitute plaintiff's characterization of its case and conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

5. The allegations contained in paragraph 5 of the complaint constitute plaintiff's characterization of its case and conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

6. Denies the allegation contained in paragraph 6 for lack of information sufficient to form a belief as to the truth of the allegation contained in paragraph 6 of the complaint.

7. Defendant admits the allegations contained in paragraph 7 of the complaint.

8. Defendant admits the allegations contained in paragraph 8 of the complaint.

9. Defendant admits the allegations contained in paragraph 9 of the complaint.

10. Defendant admits the allegation contained in the first sentence of paragraph 10 of the complaint. The remainder of the allegations contained in paragraph 10 of the complaint constitute plaintiff's characterization of its case and conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied; defendant further avers that it signed a contract with plaintiff on June 15, 1923.

11. Defendant admits the allegations contained in paragraph 11 to the extent they are supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 11 of the complaint.

12. Defendant admits the allegations in paragraph 12 to the extent they are supported by the contract cited which is the best evidence if its contents otherwise denies the allegations contained in paragraph 12 of the complaint.

13. Defendant admits the allegations contained in the first two sentences of paragraph 13 of the complaint to the extent they are supported by the contract cited which is the best evidence of its contents, otherwise denies the allegations contained in the first two sentences of

paragraph 13 of the complaint.. The remainder of the allegations contained in paragraph 13 constitute plaintiff's characterization of its case and conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

14. Defendant admits the allegations contained in paragraph 14 to the extent they are supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 14 of the complaint.

15. Defendant admits the allegations contained in paragraph 15 to the extent they are supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 15 of the complaint.

16. Defendant admits the allegations contained in paragraph 16 to the extent they are supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 16 of the complaint.

17. Defendant admits the allegations contained in paragraph 17 to the extent they are supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 17 of the complaint.

18. Defendant admits the allegations contained in paragraph 18 to the extent they are supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 18 of the complaint.

19. Defendant admits the allegations contained in paragraph 19 to the extent they are supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 19 of the complaint.

20. Defendant admits the allegations contained in paragraph 20 to the extent they are

supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 20 of the complaint.

21. Defendant admits the allegation contained in the first sentence of paragraph 21 of the complaint. The remainder of the allegations contained in paragraph 21 of the complaint constitute plaintiff's characterization of its case and conclusions of law to which no response is required; to the extent they may be deemed allegations of fact they are denied.

22. The allegations in paragraph 22 constitute plaintiff's characterization of its case and conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

23. The allegations contained in the first sentence of paragraph 23 of the complaint constitute plaintiff's characterization of its case and conclusions of law to which no response is required; to the extent they may be deemed allegations of fact they are denied. Defendant admits the allegation in the second sentence contained in paragraph 23 of the complaint. The remainder of the allegations contained in paragraph 23 constitute plaintiff's characterization of its case and conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

24. Defendant admits the allegations in the first sentence of paragraph 24 of the complaint to the extent supported by the letter cited which is the best evidence of its contents; otherwise denies the allegations in the first sentence of paragraph 24 of the complaint. Defendant denies the remainder of the allegations contained in paragraph 24 of the complaint. Defendant specifically avers that releases of water were made after October 18, 2001.

25. The allegations contained in paragraph 25 of the complaint constitute plaintiff's

conclusions of law and characterization of the case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

26. Defendant denies the allegations contained in paragraph 26 of the complaint.

27. Defendant admits the allegations contained in the first sentence of paragraph 27 of the complaint to the extent supported by the letter cited which is the best evidence of its contents; otherwise denies the allegations in the first sentence of paragraph 27. Defendant denies the allegations contained in the second sentence of paragraph 27, and specifically avers that it informed plaintiff that no special releases of water would be made. The allegations contained in the third sentence of paragraph 27 of the complaint constitute plaintiff's conclusions of law and characterization of the case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

28. Defendant incorporates by reference its responses to the allegations of Paragraphs 1 through 27 of the complaint.

29. The allegations contained in paragraph 29 of the complaint constitute plaintiff's conclusions of law and characterization of the case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

30. The allegations contained in paragraph 30 of the complaint constitute plaintiff's conclusions of law and characterization of the case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

31. Defendant denies the allegations contained in paragraph 31 of the complaint.

32. Defendant denies the allegations contained in paragraph 32 of the complaint.

33. Defendant incorporates by reference its responses to the allegations of paragraphs

1 through 32 of the complaint.

34. The allegations contained in paragraph 34 of the complaint constitute plaintiff's conclusions of law and characterization of the case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

35. Defendant denies the allegations contained in paragraph 35 of the complaint.

36. Denies the allegations contained in paragraph 36 of the complaint for lack of information sufficient to form a belief as to the truth of the allegations.

37. The allegations contained in paragraph 37 of the complaint constitute plaintiff's conclusions of law and characterization of the case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

38. Defendant denies the allegations contained in paragraph 38 of the complaint.

39. Defendant denies that plaintiff is entitled to the relief requested in paragraphs A through D or to any relief whatsoever.

40. Defendant denies each and every allegation not previously admitted or otherwise qualified.

WHEREFORE, defendant respectfully requests that the Court dismiss the complaint, and that defendant be granted such other and further relief as the Court may deem just and proper.

## AFFIRMATIVE DEFENSES

41. Plaintiff's claims are barred by the doctrine of laches.

42. Plaintiff's claims are barred by the doctrine of accord and satisfaction.

43. Plaintiff's claims are barred by the doctrines of mistake and impossibility. The 1923 contract was based on the parties' assumption that the hydrology of the Snake River would

permit enough flow of water between the end of one irrigation season and the beginning of the next to guarantee both a full reservoir for irrigation and sufficient water for winter power flow. This assumption has proven to be incorrect, especially in years of extreme drought or other organic conditions that have an impact on the total amount of water in the Snake River. Additionally, the Idaho state watermaster controls the Snake River below the Milner dam, thereby making it impossible for defendant to protect the amount of flow available for plaintiff.

44. Plaintiff's claims are barred by the doctrine of changed circumstances. Conditions on the Snake River upstream from the American Falls Dam have changed dramatically since the 1923 contract was signed. The Palisades Dam was subsequently constructed on the Snake River near the Wyoming border as well as reservoirs at Island Park, Grassy Lake, and Ririe, which were all constructed after 1923 and now capture much of the water that the 1923 planners assumed would flow into or past the American Falls Reservoir. Moreover, in 1992, plaintiff added a power plant at Milner, between the American Falls Reservoir and the 1923 measuring point at Twin Falls.

Additionally, periods of drought have recurred with unforeseen regularity and intensity. Agricultural acreage has expanded, increasing the amounts of water needed to accommodate irrigation demands. Irrigation practices themselves have changed from flood irrigation to sprinkler systems, which produce less run-off water. Additionally, power consumption patterns have changed with the development of air conditioning. Formerly, peak demand periods occurred in the winter to provide light and heat. Now, peak demand periods occur in the summer months to provide cooling. These changed circumstances materially alter the assumptions on which the parties' 1923 agreement was based.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s/
MARK A. MELNICK
Assistant Director

Of Counsel:

John A. Murdock, Esq.
U.S. Dept. of Interior
Office of Solicitor
1849 C Street, N.W.
Washington, D.C. 20240
(202) 208-6997

/s/ Joan M. Stentiford
JOAN M. STENTIFORD
Trial Attorney
Commercial Litigation Branch
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 616-0341
Fax: (202) 514-8624

February 15, 2008

Attorneys for Defendant

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this __15th__ day of February 2008, the foregoing "DEFENDANT'S ANSWER", was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

___/s/ Joan M. Stentiford_____
JOAN M. STENTIFORD